UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARCUS TREMAINE POWELL                                              PETITIONER

V.                                        CIVIL ACTION NO. 3:24-CV-819-KHJ-MTP

SHERIFF TUCKER                                                       RESPONDENT

ORDER

This case is before the Court sua sponte for consideration of dismissal. Pro se Petitioner Marcus Tremaine Powell—a federal inmate housed at the Madison County Detention Center—filed this [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Powell asks the Court to dismiss his pending criminal case, *United States v. Powell*, No. 3:23-CR-118-1 (S.D. Miss. filed Nov. 29, 2023), which is also pending in this Court. The Court finds that this habeas petition should be dismissed without prejudice.

I.   Background

On November 29, 2023, Powell was indicted in this Court on multiple drug charges. Indictment, *Powell*, No. 3:23-CR-118-1, ECF No. 3. He was detained pending trial. Order of Detention at 3, *Powell*, No. 3:23-CR-118-1, ECF No. 142. He recently pled guilty in the criminal case to conspiracy to distribute controlled substances. Plea Agreement at 1, *Powell*, No. 3:23-CR-118-1, ECF No. 505. Sentencing is currently set for May 21, 2025. 02/14/2025 Minute Entry, *Powell*, No. 3:23-CR-118-1.

On December 20, 2024, Powell filed this Section 2241 [1] Petition, alleging an illegal wiretap and ineffective assistance of counsel. [1] at 6. Powell provides no facts in his [1] Petition but asks the Court for an evidentiary hearing. *Id.* at 6–7.

II.  Analysis

"[I]n the absence of exceptional circumstances in criminal cases[,] the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). A court should not grant pretrial habeas relief "where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 7 (1951).

For example, in *Fassler v. United States*, a federal pretrial detainee was detained pending trial. 858 F.2d 1016, 1017 (5th Cir. 1988) (per curiam). Rather than appeal the detention order to the Fifth Circuit, the detainee filed a Section 2241 petition asserting that the detention order was faulty, and there was no evidence he was guilty of the crime charged. *Id.* The Fifth Circuit held that habeas relief was "plainly not available," and that the detainee should have appealed the detention order itself under 18 U.S.C. § 3145 to address any perceived deficiencies. *Id.* at 1017–18. As for the detainee's claim of insufficient evidence, this issue was most appropriately addressed through the regular criminal process, including a direct appeal of any subsequent conviction. *Id.* at 1019.

As a federal pretrial detainee, Powell has likewise invoked habeas corpus to challenge the validity of the criminal case against him. He raises evidentiary and ineffective assistance of counsel arguments. As in *Fassler*, these claims can be

2

adequately handled through the regular judicial process in Powell's criminal case. *See id.*; *see also Chaney v. Allen*, No. 5:22-CV-777, 2022 WL 17840414, at *2 (N.D. Ala. Oct. 28, 2022) (holding that ineffective assistance of counsel was not exceptional circumstance), *report and recommendation adopted*, 2022 WL 17836685 (N.D. Ala. Dec. 21, 2022); *Butler v. Cook*, No. 4:21-CV-440, 2021 WL 6137312, at *3 (N.D. Fla. Nov. 30, 2021) (holding that challenge to search warrant was not exceptional circumstance), *report and recommendation adopted*, 2021 WL 6135922 (N.D. Fla. Dec. 29, 2021). Indeed, Powell has since pled guilty and is awaiting sentencing. His claims should therefore be dismissed without prejudice.

III. Conclusion

For the reasons stated above, the Court dismisses this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Powell at his address of record.

SO ORDERED, this 10th day of March, 2025.

                                     s/ *Kristi H. Johnson*
                                     UNITED STATES DISTRICT JUDGE